# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LYNN FULMORE | * | |
| v. | * | Civil No. – JFM-09-2028 |
| PREMIER FINANCIAL CORP, et al. | * | |
| JUDITH MOFFITT | * | |
| v. | * | Civil No. – JFM-09-2029 |
| BALTIMORE AMERICAN MORTGAGE CORP., et al. | * | |
| EDWIN RUBLE | * | |
| v. | * | Civil No. – JFM-09-2056 |
| THE MORTGAGE CONSULTANTS, INC., et al. | * | |
| DEREK MOHRE, et al., | * | |
| v. | * | Civil No. – JFM-09-2246 |
| PACIFIC SHORE FUNDING, et al. | * | |
| CHARLES HEBB, et al., | * | |
| v. | * | Civil No. – JFM-09-2334 |
| PREMIER FINANCIAL CORP., et al. | * | |
| LINDA OREM | * | |
| v. | * | Civil No. – JFM-10-1177 |
| PACIFIC SHORE FUNDING, INC., et al. | * | |

******

MEMORANDUM

In an earlier opinion, I held that the plaintiffs in each of these cases failed to state a claim upon which relief could be granted against the defendants bringing this motion. Defendants Sovereign Bank, Residential Funding Corporation, JP Morgan Chase Bank, Bank of America, Household Finance Corporation, Mortgage Electronic Registration Systems, Inc., and HOMEQ Servicing Corporation ("the Assignee Defendants") now move for entry of final judgment in their favor under Fed. R. Civ. P. 54(b). This motion will be granted.

On October 29, 2010, I issued an opinion for seventeen related cases, including these six, holding that assignees of secondary mortgage loans cannot be held liable under Maryland's Secondary Mortgage Loan Law ("SMLL"), Md. Code Ann., Com. Law §§ 12-401 to 12-415, for their own violations or under a theory of assignee liability for violations committed by the loan originators. Based upon this Opinion, I will dismiss the claims against the Assignee Defendants.[1] In six of the related cases, my ruling is final and appealable under 28 U.S.C. § 1291.[2] In the six cases presently before me, claims remain pending against the loan originators. The Assignee Defendants seek the entry of a final judgment so that they may participate in any appeal.

In evaluating a Rule 54(b) certification, a district court must follow a two-step process. First, a court must determine "whether the judgment is final," meaning that "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (internal quotation

---

[1] I have not yet entered orders implementing this Opinion.

[2] In five of these cases, all of the defendants are assignees. In the sixth case, the only defendant is a mortgage servicer. Plaintiffs acknowledge that all claims in these cases will be dismissed. (*See* Pls.' Mem. Opp'n Mot. Entry Final Js. at 3.)

marks and citations omitted). In the present case, I have no difficulty concluding my October 29 Opinion will constitute a final judgment as to the claims against the Assignee Defendants. By dismissing the SMLL claims against the Assignee Defendants, the Opinion disposes of these claims.

Second, upon finding it has issued a final judgment, a court "'must determine whether there is no just reason for the delay in the entry of judgment.'" *Id.* (quoting *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)). The Fourth Circuit has instructed that, in making this determination, district courts should consider factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* (quoting *Braswell Shipyards*, 2 F.3d 1335–36). Furthermore, a court "must take into account two broad sets of considerations—the parties' interest in swift resolution of their disputes, and the 'juridical concerns' of preserving judicial resources and guarding against the unnecessary resolution of issues." *Fox v. Balt. City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000). In view of these factors and interests, there is no just reason for delay in entering judgment here.

The third factor identified by the Fourth Circuit—"the possibility that the reviewing court might be obliged to consider the same issue a second time"—is the most pertinent to the present cases. Generally, this factor weighs against 54(b) certification because of the likelihood that the unadjudicated claims will present the same issue on appeal. *Cf. id.* ("Certification should be avoided when further trial court proceedings might force an appellate court to revisit the issues

3

relevant to the partially-resolved case.") Here, however, this factor has the opposite effect. My October 29 Opinion will constitute a final and appealable ruling as to six of the related cases. By failing to certify the cases here, I would prevent the Fourth Circuit from simultaneously considering the appeals of these cases, which would likely force it to reconsider this issue at a subsequent date.

Plaintiffs argue that certification is inappropriate in these cases because there may ultimately be a finding of no liability under the SMLL as to the loan originators, which, Plaintiffs assert, would moot the need for an appeal. This ignores, however, that the Plaintiffs claim the Assignee Defendants are be liable under the SMLL not only for violations committed by the loan originators, but also for personally receiving interest and fees in violation of the SMLL. Thus, findings of no liability as to the loan originators would not moot the need for review because Plaintiffs could appeal the holding that the Assignee Defendants cannot be directly liable under the SMLL as "lenders." Moreover, Plaintiffs' argument loses force in light of the reality that in four of these cases a default order has been entered as to the originator or the originator has failed to enter an appearance, so these originators will not be defending against the SMLL claims.[3]

Future developments are not likely to moot the need for review of my October 29

---

[3] Plaintiffs also contend that a pending appeal to the Maryland Court of Special Appeals in *Redmond v. Baltimore American Mortgage Corp.*, No. 24-C-10-005128 (Cir. Ct. Balt. Cty. Oct. 21, 2010), provides a just reason for delay in entering judgment. In *Redmond*, the Circuit Court of Baltimore County dismissed an action against loan assignees, holding that the plaintiff-borrowers failed to state a claim under the SMLL. Plaintiffs argue that the Maryland appellate court may hold that loan assignees may be liable under the SMLL, in which case this court may reconsider its October 29 Opinion, mooting the need for an appeal. (Pls.' Mem. Opp'n Mot. Entry Final Js. at 6–7.) This contention fails, first, because the Fourth Circuit instructed district courts to focus on "future developments *in the district court*," rather than extrinsic factors, that might moot an appeal. *MCI Constructors*, 610 F.3d at 855 (quoting *Braswell Shipyards*, 2 F.3d at 1335–36) (emphasis added). In addition, this argument is too speculative to provide a basis for delay in entering a final judgment. There is no guarantee that the Maryland Court of Special Appeals will reverse the Circuit Court's decision; in fact, because the Circuit Court did not specify the basis for its dismissal, the Court of Special Appeals may affirm the Circuit Court's decision without addressing the issue of assignee liability. (*See* Reply Mem. at 5 n.3 & Ex. A.) The mere possibility that a state court in a distinct case might reach a different legal conclusion on the appealable issue than that reached by the district court is not sufficient to establish a just reason for delay in where the entry of final judgment is otherwise warranted.

4

decision, and permitting these six cases to proceed to the Fourth Circuit along with the other related cases in which a final judgment is to be entered will further the interest of judicial economy. Accordingly, I conclude that there is no just reason to delay in entering a final judgment as to the SMLL claims against the Assignee Defendants. The Assignee Defendants' Motion will be granted.[4]


February 8, 2011                                     /s/
Date                                                                  J. Frederick Motz
                                                                                   United States District Judge

---

[4] In granting this motion, I am refusing Plaintiff's request, made in a January 11, 2011, letter to the Court, that I certify questions of state law to the Maryland Court of Appeals. As I noted in my October 29th Opinion, "I do not consider 'the available state law' to be so 'insufficient' that certification is appropriate." *Fulmore v. Premier Fin. Corp.*, No. 1:09-cv-02028, slip op. at 13 n.6 (D. Md. Oct. 29, 2010) (citation omitted). In my opinion, the closest question in these cases is one of federal law, so it would not be appropriate to delay the Fourth Circuit's review in order to certify questions of state law. Of course, if it chooses to do so, the Fourth Circuit may certify the questions of state law.